Citation Nr: 1331594 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 05-06 283 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for a disability of the right fifth finger.


REPRESENTATION

Appellant represented by: Jan Dils, Attorney


ATTORNEY FOR THE BOARD

M. G. Mazzucchelli, Counsel











INTRODUCTION

The Veteran, who is the appellant, served on active duty from June 1978 to June 1982. He also had subsequent service in a reserve component until 1996.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a rating decision in April 2003 of a Department of Veterans Affairs (VA) Regional Office (RO).

In January 2007, March 2010, and January 2012 the Board remanded the matter for further development. No further action to ensure compliance with the Board's remand directives is required. Stegall v. West, 11 Vet. App. 268 (1998).


FINDING OF FACT

A chronic right fifth finger disability was not affirmatively shown to have been present during service, and the currently demonstrated right fifth finger disability is not related to an injury, disease, or event in service.


CONCLUSION OF LAW

The criteria for service connection for a disability of the right fifth finger have not been met. 38 U.S.C.A. §§ 1131, 5107(b) (West 2002); 38 C.F.R. § 3.303 (2013).







The Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA, codified in part at 38 U.S.C.A. §§ 5103, 5103A, and implemented in part at 38 C.F.R § 3.159, amended VA's duties to notify and to assist a claimant in developing information and evidence necessary to substantiate a claim. 

Duty to Notify

Under 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b), when VA receives a complete or substantially complete application for benefits, it will notify the claimant of the following: (1) any information and medical or lay evidence that is necessary to substantiate the claim, (2) what portion of the information and evidence VA will obtain, and (3) what portion of the information and evidence the claimant is to provide. 

Also, the VCAA notice requirements apply to all five elements of a service connection claim. The five elements are: (1) Veteran status; (2) existence of a disability; (3) a connection between the Veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. See Dingess v. Nicholson, 19 Vet. App. 473, 484-86 (2006) (notice of the elements of the claim).

The RO provided pre- and post-adjudication VCAA notice by letters, dated in December 2002, June 2005, and November 2006. As for the content of the VCAA notice, the documents complied with the specificity requirements of Quartuccio v. Principi, 16 Vet. App. 183, 186-87 (2002) (identifying evidence to substantiate a claim and the relative duties of VA and the claimant to obtain evidence); of Charles v. Principi, 16 Vet. App. 370, 374 (2002) (identifying the document that satisfies VCAA notice); of Pelegrini v. Principi, 18 Vet. App. 112, 119-120 (2004) (pre-adjudication VCAA notice); and of Dingess v. Nicholson, 19 Vet. App. 47399-at (2006) (notice of the elements of the claim). The claim was subsequently readjudicated, most recently in a July 2013 supplemental statement of the case.



Duty to Assist

Under 38 U.S.C.A. § 5103A, VA must make reasonable efforts to assist the claimant in obtaining evidence necessary to substantiate a claim. The RO has obtained the service treatment records, VA records, and private medical records. 

The Veteran was afforded a VA examination in November 2009. In August 2011, the Board referred the matter for a VHA opinion. In October 2011 a VHA physician advised that the Veteran should be accorded a new examination to determine the nature of his current right hand disability. Such examination was conducted in June 2013. The November 2009 and June 2013 VA examinations, taken together, are adequate to decide the claim of service connection. See Stefl v. Nicholson, 21 Vet. App. 120, 123 (2007) (a medical opinion must be based on consideration of the veteran's prior medical history and examinations and also describe the disability, if any, in sufficient detail so that the Board's evaluation of the claimed disability will be a fully informed one).

As there is no indication of the existence of additional evidence to substantiate the claim, the Board concludes that no further assistance to the Veteran in developing the facts pertinent to the claim is required to comply with the duty to assist. 


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran seeks service connection for a right 5th finger disability, which he associated with a hand injury in service. 

A Veteran is entitled to VA disability compensation (service connection) for a disability resulting from personal injury suffered or disease contracted in line of duty in active military service, or for aggravation of a preexisting injury suffered or disease contracted in line of duty in active military service. 38 U.S.C.A. § 1131. 



Generally, to establish entitlement to VA disability compensation, a Veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. All three elements must be proved. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed.Cir. 2004). 

Service connection means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with service, or if preexisting such service, was aggravated by service. This may be accomplished by affirmatively showing inception or aggravation during service. 38 C.F.R. § 3.303(a).

The showing of a chronic disease in service requires a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." Continuity of symptomatology after discharge is required where the condition noted during service is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. 38 C.F.R. § 3.303(b).

Service connection may also be granted for disability shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred in service. 38 C.F.R. § 3.303(d). 

Evidentiary Standards

VA must give due consideration to all pertinent lay and medical evidence in a case where a Veteran is seeking service connection. 38 U.S.C.A. § 1154(a). 

As the Veteran did not serve in combat, the provisions of 38 U.S.C.A. § 1154(b) do not apply. 


Competency is a legal concept in determining whether lay or medical evidence may be considered, in other words, whether the evidence is admissible as distinguished from credibility and weight, factual determinations going to the probative value of the evidence, that is, does the evidence tend to prove a fact, once the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997).

Competency is a question of fact, which is to be addressed by the Board. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (2007).

When the evidence is admissible, the Board must then determine whether the evidence is credible. "Credible evidence" is that which is plausible or capable of being believed. See Caluza v. Brown, 7 Vet. App. 478, 511 (1995), aff'd per curiam, 78 F. 3d 604 (Fed. Cir. 1996) (the determination of credibility is a finding of fact to be made by the Board in the first instance). 

If the evidence is credible, the Board, as fact finder, must determine the probative value or weight of the admissible evidence, that is, does the evidence tend to prove a material fact. Washington v. Nicholson, 19 Vet. App. 362, 369 (2005). If the evidence is not credible, the evidence has no probative value. 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the Veteran. 38 U.S.C.A. § 5107(b).

Facts

The service treatment records show that in September 1980 the Veteran complained of a sprained 5th finger on his right hand. Swelling, discoloration, and tenderness due to trauma were noted. The plan was to apply a splint and to rule out a fracture by X-ray. No X-ray report is shown. On a Reserves enlistment examination in September 1983 the Veteran denied any bone or joint deformity and the upper extremities were evaluated as normal.


After service VA records in April 2005 show that the Veteran stated that he had sustained an injury to the 5th proximal right finger during active duty. He stated that a motor engine fell on the hand, causing a laceration to the right lateral 5th finger and some type of crushing injury to the hand. Physical examination of the right hand found a small scar on the right lateral 5th finger and full range of motion of all joints. X-rays showed a slight chronic irregularity of the distal aspect of the 5th proximal phalanx, which the radiologist remarked was "likely post-traumatic." 

On VA examination in November 2009, the Veteran complained of limitation of motion of the right 5th finger. X-rays showed no abnormality of the 5th finger. The diagnosis was right 5th finger pain and loss of range of motion. The examiner found the Veteran's current report of a badly lacerated and crushed right fifth finger in service inconsistent with the inservice treatment record. In a December 2009 addendum to his examination report, the examiner noted that there was no evidence that the Veteran's current abnormal examination of the right fifth finger was related to the inservice injury documented in the service treatment records in September 1980 that showed only a sprain of the right fifth finger.

In August 2011, the Board referred the matter for a VHA expert opinion as to whether the Veteran's current right 5th finger disability was related to the injury described in the service treatment records. In October 2011, a VHA orthopedic physician responded that he was unable to proffer an opinion as to a nexus to service because the nature of the Veteran's right hand disability was unclear. He recommended that the Veteran undergo an examination. 

In June 2013, the Veteran underwent a VA examination. The only current right hand disability diagnosed was osteoarthritis of right first, not fifth, metacarpophalangeal joint. Sprain, right fifth finger, treated and resolved in service, was also noted. The examiner concluded that the Veteran's claimed disability of the right fifth finger was less likely than not incurred in or caused by the inservice injury. 



The VA examiner noted that the Veteran was treated for a right fifth finger sprain that resolved during service; that there was no mention of right fifth finger disability on the September 1983 examination; and that the November 2009 X-ray did not show a right fifth finger abnormality. 

Analysis

To establish entitlement to VA disability compensation, service connection, a Veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. All three elements must be proved. Shedden, at 1167. 

The opinions of the November 2009 and June 2013 VA examiners that the right fifth finger sprain documented in service in 1980 resolved therein, and that the Veteran's current right fifth finger complaints were less likely than not related to an inservice cause, are uncontradicted in the record. The weight of the medical evidence does not link the Veteran's current claimed right fifth finger disability with service. 

The Veteran has asserted that he incurred a chronic right fifth finger disability during his active service. Under certain circumstances lay statements may serve to support a claim for service connection by supporting the occurrence of lay observable events or the presence of disability, or symptoms of disability, capable of lay observation. Jandreau, 492 F.3d at 1372. Lay testimony is competent regarding features or symptoms of injury or disease when the features or symptoms are within the personal knowledge and observations of the witness. Layno v. Brown, 6 Vet. App. 465, 469-70 (1994). 






The Board finds that the inservice findings documenting a sprain of the right fifth finger in September 1980, which was splinted and involved no further treatment or documented complaints (including normal examination in September 1983), contradicts the Veteran's current assertion that he had a severe laceration and crushing injury in the right fifth finger. Therefore, the statements lack credibility and have no probative weight. 

As to a causal relationship between service and a current right fifth finger disability, the Veteran is not qualified to offer an opinion because the question of etiology of such a condition is not lay-observable and requires medical expertise. 

As the preponderance of the evidence is against the claim for service connection for a right fifth finger disability, there is no doubt to be resolved and service connection is not warranted.


ORDER

Service connection for a disability of the right fifth finger is denied.



____________________________________________
George E. Guido Jr.
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs